HART BROS. v. KIRKES et al.    (No: 8404.)

(Court of Civil Appeals of Texas.  Dallas. Dec. 4, 1920.)

Chattel mortgages &#8781;150(2)—Liens of seller mortgagees became inferior to liens of bank acquired after property brought back after removal to another state where mortgage was recorded.

Under Rev. St. 1911, art. 6841, where mortgage on mules was given to the sellers thereof by the buyers, and the mules were moved to Louisiana, where the lien of the mortgage was recorded, the sellers' liens become inferior to the liens of a bank, acquired after the mules were brought back into another county of Texas and recorded there before the sellers' mortgage was recorded; the recording of the mortgage by the sellers in the county into which the mules were brought back not having been within four months after the removal of the mules from another county where the lien was first recorded, into Louisiana, on the original sale.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Suit by Hart Bros. against L. M. Kirkes and others. From judgment for defendants, plaintiff appeals. Affirmed.

George Sergeant, of Dallas, for appellant.
Allen Wight and Thomas, Milam & Touchstone, all of Dallas, for appellees.

RAINEY, C. J. Appellants state the nature of this suit in their brief, which statement is adopted by this court, and is as follows:

---

"On December 2, 1918, J. O. Hart and J. E. Hart, composing the firm of Hart Bros., and appellants herein, instituted suit in the district court of the Fourteenth judicial district of Texas, at Dallas, against L. M. Kirkes, and Newton County State Bank, alleging an indebtedness owing by L. M. Kirkes to appellants on five notes, aggregating $1,867, made January 1, 1917, by said L. M. Kirkes, payable to Hart Bros., on the 1st day of March, April, May, June, and July, 1917, respectively, and providing for ten per cent. interest per annum from date until paid and 10 per cent. attorney's fees. These notes are also secured by a chattel mortgage of the same date made simultaneously with the execution of the notes. The mortgage covered a lot of animals, some of which were sold to Kirkes by Hart Bros. at that time, and some of which had been previously sold by Hart Bros. to Kirkes on deferred payments and on which chattel mortgages had been given and were recorded in Dallas county, Tex. The notes and mortgage given on January 1, 1917, merged all indebtedness owing by Kirkes to Hart Bros. in this one series of notes and included all property covered by the prior mortgages, although the prior mortgages themselves were never released. Hart Bros. also made the Newton County State Bank a party to the suit, alleging that they had converted the mules to their own use and benefit and were liable to Hart Bros. for their value. Plaintiffs also sued upon notes and mortgages aggregating $3,010 for mules sold to Kirkes later. On the trial the court rendered judgment for Hart Bros., against Kirkes for the entire indebtedness sued on, but found in favor of the Newton County State Bank. That part of the judgment with reference to their notes for $3,010 is not complained of in this proceeding, because the rights of the Newton County State Bank had intervened before such notes and mortgages were given, and such bank's claim was therefore superior to Hart Bros.' claim on such $3,010 note. But the action of the trial court on the notes for $1,867 and the mortgage securing them is here complained of, appellants asserting that the Newton County State Bank should have been held liable, inasmuch as their claim was inferior to the claim of Hart Bros."

A statement of facts as given by appellants is as follows:

"The statement of facts is short and should be read entirely through to get the details of the case. Briefly the testimony showed that L. M. Kirkes came to Hart Bros. to purchase some mules, agreeing to give them the series of notes aggregating $1,867, sued on herein, for all the money owing them up to that time, including the purchases he made on that particular date, and having the mortgage cover all the animals mentioned in the three existing recorded mortgages by Kirkes to Hart Bros. in Dallas county. He explained to Hart Bros. that he wished to take these animals to De Ridder, Beauregard parish, La., and one of the Hart brothers assisted him in loading the mules on the train and went to De Ridder with the animals and placed the mortgage on record in such parish as the mules were being unloaded. The mortgages in Dallas were never released. This all occurred in January, 1917. During the latter part of September, 1917, J. E. Hart met L. M. Kirkes in Val De Rouge, La., where Kirkes had the mules, still working them. Shortly thereafter Kirkes moved the mules into Newton county, Tex., and placed three mortgages on them to the Newton County State Bank, on October 16, 1917, October 16, 1917, and October 18, 1917, respectively. These mortgages were recorded in Newton county on October 18, 1917, November 2, 1917, and November 12, 1917. On November 24, 1917, Kirkes met one of the Hart brothers in Austin, Tex., telling him that the mules were still in Louisiana, and asking permission to move them into Newton county, Tex. This was the first information appellants had that there was any intention to move them into Texas, and the mules had already been in Texas about seven weeks when this permission was asked. Hart Bros. granted the permission and sold Kirkes a lot of other mules, taking a second note and mortgage thereon for $3,010, but on which appellants make no claim against the Newton County State Bank. Appellants recorded their first mortgage in Newton county on December 17, 1917. This was subsequent to the filing of the Newton County State Bank's mortgage, but within the four months' period after the removal of the mules into Newton county, Tex. Some months after all of these transactions, the Newton County State Bank, by agreement with Kirkes, took possession of the mules and converted them to its own use. Appellees' attorney raises some question about the identity of the mules, but a comparison of the mortgages and the reading of the statement of facts, in which the Hart brothers testify that they sold Kirkes all mules he ever bought, would indicate that there is no real ground for believing that the mules converted were not the ones covered by appellants' mortgage. The value of the mules is proven to be considerably in excess of appellants' first notes and mortgage. Appellants within the proper time filed their motion for a new trial and upon its being overruled gave notice in open court of appeal and filed their appeal bond also within the proper time and prosecuted this appeal."

Appellants contend that "the decree of the trial court was proper in so far as the personal judgment against L. M. Kirkes was concerned, but that it was erroneous in failing to hold that appellants' first lien was prior to the lien of the Newton County State Bank, and in failing to hold that the Newton County State Bank was liable for the conversion," and say:

"Practically the only issue and the only question in this case is whether or not the first mortgage of Hart Bros. was prior to the three mortgages of the Newton County State Bank."

The first assignment of error is:

"The court erred in holding that Hart Bros.' first mortgage sued on in this cause was inferior to the mortgages of the Newton County State Bank and in rendering judgment against Hart Bros. on such issue."

And it submits the four propositions, as follows:

(1) "Appellants' mortgage was given partly for purchase money and partly in renewal and extension of three previously existing duly recorded chattel mortgages on property situated in Dallas county, which were not released of record and have never been released of record, and said mortgage was therefore prior to any other obligations on said animals."

(2) "The first mortgage of appellants was made in Dallas county, Tex., on property then situated in Dallas county, Tex., but which was to be shipped immediately to Beauregard parish, La., and which was actually shipped immediately to such parish, and such mortgage thereon was forthwith recorded in said parish, and was therefore prior to any other mortgages or liens on said animals."

(3) "The animals in question were removed by defendant L. M. Kirkes from Beauregard parish, La., some months later into Newton county, Tex., without the knowledge or consent of plaintiffs beforehand, and within four months after such removal, and promptly on learning of such removal, plaintiffs recorded their mortgage in said Newton county, Tex., and it thereupon remained a first and prior mortgage on said animals."

(4) "Appellee Newton County State Bank is charged by law with knowledge of the fact that mortgagees had four months within which to file their mortgage in Newton county, Tex., and they advanced money on said property within the four months' period after the removal into Newton county at their 'peril. Therefore plaintiffs' first mortgage remained a prior lien thereon and superior to the claim of defendant Newton County State Bank."

It was agreed as follows:

"It is agreed that all the property covered by the mortgage of the Newton County State Bank was turned over to said Newton County State Bank by L. M. Kirkes about September or October, 1918, and after the maturity of the obligation and default in the payment thereof. It is agreed that the mortgage of Hart Bros. involved in this suit was placed on record in Newton county, Tex., within the four months' period following the removal of the property from Louisiana to Texas."

The appellants cite article 6841 as a basis for his claim that the recording of his mortgage in Newton county within four months after the property was removed into Newton county was prior to the lien of the Newton County State Bank, and said mortgage should have been foreclosed on the property for the $1,867, the amount of appellants' lien. It asserts that as to the $3,010 the superior right was in the bank; hence the bank's claim intervened before appellants' rights accrued.

There is nothing in the evidence to show that the last lien executed to appellants was ever registered in Dallas county, the evidence being that appellants sold said property to one L. M. Kirkes and took a lien on same, which included other property which Hart Bros. had sold him, and to secure the same had three other liens registered in Dallas county, which were included in the last transactions. This property was to be delivered in Beauregard parish, La., and was shipped there immediately, and the shipment was accompanied by one of the appellants and the last mortgage there recorded.

Article 6841, R. S., provides that property shall remain in the county where it is mortgaged, and, if removed with the mortgagee's consent, the mortgagee shall have the right during four months immediately after such removal to protect himself by having his lien registered in the county where it is then situated, but if not recorded within that time it shall become void as to all creditors for value without notice. The last mortgage given to Hart Bros. was in January, 1917, when the mules were moved to Louisiana. The recording of the lien in Louisiana gave it no extraterritorial effect, and appellants' lien became inferior to the liens of the bank acquired after the property was brought into Newton county and recorded before the appellants' mortgage was recorded in Newton county; the bank having no other notice of appellants' mortgage. The recording of said mortgages in Newton county was not within four months after the removal of said property from Dallas county, where said lien was first recorded, if the last lien was ever recorded there at all.

We see no error in the record, and the judgment is affirmed.